IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Melcelus Toland a/k/a Melcelous Toland, | ) | Case No. 8:15-01311-PMD-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Joseph McFadden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court on Respondent's motion for summary judgment. [Doc. 26.] Petitioner, proceeding pro se, is a state prisoner who seeks relief under 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on March 16, 2015.[1] [Doc. 1.] Petitioner amended his Petition three times, and each amendment is attached to the original Petition. [Docs. 1-1; 1-6; 1-7.] On July 10, 2015, Respondent filed a motion for summary judgment and a return and memorandum to the Petition. [Docs. 25, 26.] On July 13, 2015, the Court filed an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment procedure and of the possible consequences if he failed to adequately respond to the motion. [Doc. 27.] Petitioner filed

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Accordingly, this action was filed on March 16, 2015. [Doc. 1-4 (envelope stamped as received by prison mailroom on March 16, 2015).]

a response in opposition on August 17, 2015 [Doc. 29], and Respondent filed a reply on August 26, 2015 [Doc. 32].

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's motion for summary judgment be granted and the Petition be dismissed.

## BACKGROUND

Petitioner is incarcerated in the Lieber Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Richland County.  [Doc. 1 at 1.]  Petitioner was indicted in July 2008 for murder.  [App. 141–42.[2]]  On March 9, 2010, represented by Jerry Finney ("Finney"), Petitioner pled guilty to voluntary manslaughter[3] and received a sentence of twenty-seven years imprisonment for voluntary manslaughter, twenty years imprisonment for assault and battery with intent to kill ("ABWIK"), and ten years imprisonment for assault with intent to kill ("AWIK"), all sentences to run concurrently.  [App. 1–42.]  No direct appeal was filed.

**PCR Application**

Petitioner, proceeding pro se, filed an application for post-conviction relief ("PCR") on February 8, 2011.  [App. 44–65.]  Petitioner raised the following grounds for relief, quoted substantially verbatim:

---

[2]The Appendix can be found at Docket Entry Number 25-1.

[3]At the plea hearing, Petitioner also waived presentment to the grand jury of indictments for assault with intent to kill and assault and battery with intent to kill, waived jurisdiction and venue issues related to Lexington County, and pled guilty to those charges. [App. 7:13–8:12, 13:7–14:14.]

2

ISSUE (A)

Was counsel ineffective for advising Petitioner to enter a plea of guilty without conducting any pretrial investigation?

ISSUE (B)

Is Petitioner's guilty plea involuntary, based upon counsel's erroneous advice to plead guilty without first conducting any pretrial investigation, both factual and legal?

ISSUE (C)

Was counsel ineffective for failing to file an appeal on Petitioner's behalf?

[App. 51.] The State filed a return, dated September 15, 2011. [App. 66–71.]

An evidentiary hearing was held on August 13, 2012, at which Petitioner was represented by Rob D. Corney ("Corney"). [App. 72–131.] On October 30, 2012, the PCR court filed an order denying and dismissing the PCR application with prejudice. [App. 132–140.]

Petitioner filed a notice of appeal in the Supreme Court of South Carolina on November 12, 2012. [Doc. 25-3.] Subsequently, Wanda H. Carter of the South Carolina Commission on Indigent Defense filed on Petitioner's behalf a petition for writ of certiorari. [Doc. 25-4.] The petition asserted the following as the sole issue presented:

> Trial counsel erred in allowing petitioner to plead guilty to voluntary manslaughter because the facts of the case fit more squarely within the definition of involuntary manslaughter rather than voluntary manslaughter.

[Doc. 25-4 at 3.] The State filed a return, dated July 8, 2013. [Doc. 25-5.] The Supreme Court of South Carolina transferred Petitioner's PCR appeal to the South Carolina Court

3

of Appeals [Doc. 25-6], which denied the petition on February 24, 2015 [Doc. 25-7] and remitted the matter to the lower court on March 17, 2015 [Doc. 25-8].

**Petition for Writ of Habeas Corpus**

Petitioner filed this Petition for writ of habeas corpus on March 16, 2015 [Doc. 1] and amended the Petition three times [Docs. 1-1; 1-6; 1-7.]  Petitioner raises the following grounds for relief, quoted substantially verbatim, in his Petition and amendments pursuant to 28 U.S.C. § 2254:

**Ground One**:         Trial counsel erred in allowing Petitioner to plead guilty to voluntary manslaughter because the facts of the case fit involuntary manslaughter.

*Supporting Facts*:     Petitioner was involved in a struggle with the victim over a weapon based upon both men's relationship with the same woman.  Petitioner informed counsel of these facts.  Counsel failed to develop a line of defense or bargain for a plea to involuntary manslaughter.

**Ground Two**:         Trial counsel failed to file a Notice of Appeal on behalf of Petitioner.

*Supporting facts*:     Trial/plea counsel failed to ask Petitioner if he wished to pursue an appeal and did not file a Notice of Appeal.

**Ground Three**:       Trial counsel was ineffective for advising Petitioner to enter a plea of guilty without conducting an adequate investigation to allow an informed decision.

*Supporting facts*:     Trial counsel failed to perform an adequate investigation and consult with Petitioner regarding a defense, allowing Petitioner to make an informed decision, rendering the plea unknowing and involuntary.

**Ground Four**:        PCR counsel was ineffective for failing to raise at PCR that trial counsel was ineffective for failing to object and agreeing to the Petitioner being sentenced outside of circuit in which the charges originated and using those

4

illegal sentences as a basis of his plea to voluntary manslaughter.

*Supporting facts*:    Petitioner pled guilty to Assault with intent to kill and Assault and battery with intent to kill in Richland County, receiving two (20) twenty year sentences running concurrent. However, these charges originated from Lexington County, Eleventh Judicial Circuit, outside of the Fifth Circuit in which Richland County resides. Therefore, the trial judge in Richland County did not have authorization to accept the waiver of Jurisdiction and venue because its outside of the circuit in which he's presiding.[4]

**Ground Five**:    PCR counsel was ineffective for failing to raise at PCR the petitioner was denied the right to counsel for the Lexington County charges of Assault with Intent to Kill and Assault and Battery with Intent to Kill.

*Supporting facts*:    Petitioner was charged murder in Richland County and ABWIK in Lexington County. The Petitioner was represented by Jerry Finney Esq. on the murder charge in Richland County and had no counsel on the Lexington County charges. However, the Petitioner entered into a global plea that would drop the murder to manslaughter if he pled guilty to ABWIK and AWIK. Petitioner waived jurisdiction and venue for the Lexington County charges and accepted the plea even though he did not have counsel for the Lexington County charges.

[Docs. 1; 1-1; 1-6; 1-7 (footnote added).]

As stated, on July 10, 2015, Respondent filed a motion for summary judgment. [Doc. 26.] On August 17, 2015, Petitioner filed a response in opposition [Doc. 29], and Respondent filed a reply on August 26, 2015 [Doc. 32]. Accordingly, Respondent's motion is ripe for review.

_____

[4] Petitioner raises this claim in his first and third amendments to the Petition.

5

## APPLICABLE LAW

**Liberal Construction of Pro Se Petition**

Petitioner brought this action *pro se*, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se petition still may be subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such

that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only),

7

> admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## Habeas Corpus

### *Generally*

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett,* 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded

jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011). Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### *Procedural Bar*

Federal law establishes this Court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this Court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

### *Exhaustion*

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)　　(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)　　(I) there is an absence of available State corrective process; or

9

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state-court remedies. *Id.* § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state court with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds for relief be stated in the direct appeal or PCR application. S.C. App. Ct. R. 203; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the

judgment.  S.C. R. Civ. P. 59(e).  Failure to do so will result in the application of a

procedural bar to that claim by the South Carolina Supreme Court.  *Marlar v. State*, 653

S.E.2d 266 (S.C. 2007).[5]  Further, strict time deadlines govern direct appeal and the filing

of a PCR application in the South Carolina courts.  For direct appeal, a notice of appeal

must be filed and served on all respondents within ten days after the sentence is imposed

or after receiving written notice of entry of the order or judgment.  S.C. App. Ct. R.

203(b)(2), (d)(1)(B).  A PCR application must be filed within one year of judgment, or, if

there is an appeal, within one year of the appellate court decision.  S.C. Code Ann.

§ 17-27-45(A).

If any avenue of state relief is still available, the petitioner must proceed through the

state courts before requesting a writ of habeas corpus in the federal courts.  *Richardson*

*v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983); *Patterson v. Leeke*, 556 F.2d 1168, 1173

(4th Cir. 1977).  Therefore, in a federal petition for habeas relief, a petitioner may present

only those issues that were presented to the highest South Carolina court through direct

appeal or through an appeal from the denial of a PCR application, regardless of whether

the court actually reached the merits of the claim.  *See State v. McKennedy*, 559 S.E.2d

850, 854 (S.C. 2002) (reiterating that discretionary review by the South Carolina Supreme

Court is not required to exhaust available state court remedies: "[South Carolina] has

identified the petition for discretionary review to [the South Carolina Supreme Court] in

---

[5]In *Bostick v. Stevenson*, 589 F.3d 160 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e) as a procedural bar.  589 F.3d at 162–65.  Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the Court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

criminal and post-conviction cases as *outside* South Carolina's standard review process. In [the South Carolina Supreme Court's] 1990 order, th[e] Court stated that petitions for rehearing and certiorari following an adverse Court of Appeals' decision are not required in order to exhaust all available state remedies." (emphasis in original) (citing *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990)).

### Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts. In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C. App. Ct. R. 203(d)(3), 243. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts,

12

the federal court honors that bar.  *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also*

*Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995).  As the United States Supreme

Court explained:

> . . . [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance

with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional

violation,'" the federal court may consider the claim.  *Smith*, 477 U.S. at 533 (quoting

*Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)).  When a petitioner has failed to comply with

state procedural requirements and cannot make the required showing of cause and

prejudice, the federal courts generally decline to hear the claim.  *Murray v. Carrier*, 477

U.S. 478, 496 (1986).  Further, if the petitioner does not raise cause and prejudice, the

court need not consider the defaulted claim.  *See Kornahrens*, 66 F.3d at 1363.

If a federal habeas petitioner has failed to raise a claim in state court and is

precluded by state rules from returning to state court to raise the issue, he has procedurally

bypassed his opportunity for relief in the state courts and in federal court.  *Coleman v.

Thompson*, 501 U.S. 722, 731–32 (1991).  Absent a showing of cause and actual prejudice,

a federal court is barred from considering the claim.  *Wainwright*, 433 U.S. at 87.  In such

an instance, the exhaustion requirement is technically met, and the rules of procedural bar

apply.  *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *Matthews*, 105 F.3d at 915 (citing

*Coleman*, 501 U.S. at 735 n.1; *Teague*, 489 U.S. at 297–98; *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

*Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, a federal court may consider claims that have not been presented to the highest state court in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Carrier*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.* at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Carrier*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

As an alternative to demonstrating cause for failure to raise the claim, the petitioner must show a miscarriage of justice. To demonstrate a miscarriage of justice, the petitioner must show he is actually innocent. *See Carrier*, 477 U.S. at 496 (holding a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of someone who is actually innocent"). Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*,

14

523 U.S. 614, 623 (1998).  To meet this actual innocence standard, the petitioner's case must be truly extraordinary.  *Carrier*, 477 U.S. at 496.

## DISCUSSION

**Non-Cognizable Claims**

In Grounds Four and Five, Petitioner raises claims of ineffective assistance of PCR counsel.  [Docs. 1-1; 1-6, 1-7.]  However, "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."  28 U.S.C. § 2254(l); *see also Martinez v. Ryan*, --- U.S. ---, ---, 132 S. Ct. 1309, 1315 (2012) (stating that, "while § 2254(l) precludes [a petitioner] from relying on the ineffectiveness of his postconviction attorney as a 'ground for relief,' it does not stop [a petitioner] from using it to establish 'cause'").  Therefore, Petitioner is not entitled to federal habeas relief as to Grounds Four and Five because they are not cognizable federal habeas claims.[6]

**Procedurally Barred Claims**

Procedural default is an affirmative defense that is waived if not raised by the respondent.  *Gray v. Netherland*, 518 U.S. 152,165–66 (1996).  If the defense is raised, it is the petitioner's burden to raise cause and prejudice or actual innocence; if not raised by the petitioner, the Court need not consider the defaulted claim.  *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995).  Here, Respondent contends Grounds Two and Three and the

---

[6]Liberally construing Petitioner's pleadings and out of an abundance of caution for a pro se Petitioner, the Court will construe Ground Four as raising an underlying ineffective assistance of trial counsel claim and Ground Five as raising an underlying claim of denial of right to trial counsel in addition to claims of ineffective assistance of PCR counsel and will discuss these grounds infra.

underlying claims in Grounds Four and Five are procedurally barred. [Doc. 25 at 19–21.] Respondent further argues Petitioner cannot overcome the default of these grounds because he cannot establish cause and prejudice or a miscarriage of justice. [*Id.* at 21–23.] In his response to Respondent's motion for summary judgment, Petitioner argues that PCR appellate counsel refused to brief Ground Three on appeal. [Doc. 29.] The Court agrees that Grounds Two and Three and the underlying claims in Grounds Four and Five are procedurally barred because they have not been fairly presented to the Supreme Court of South Carolina in a direct appeal or in Petitioner's petition for writ of certiorari from the denial of his PCR application. Because these grounds were not fairly presented to the Supreme Court of South Carolina, they are procedurally barred from federal habeas review absent a showing of cause and actual prejudice. *See Coleman*, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review); *Wainwright*, 433 U.S. at 87; *Matthews*, 105 F.3d at 915.

### *Cause and Prejudice*

The existence of cause must ordinarily turn on whether the petitioner can show some objective factor external to the defense impeded counsel's or the petitioner's efforts to comply with the state's procedural rule. *Carrier*, 477 U.S. at 488. *But see Martinez*, 132 S. Ct. at 1315 ("Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."). Here, as stated, Petitioner appears to argue that he can establish cause with respect to Ground Three because PCR appellate counsel refused to brief Ground Three on appeal. However, PCR appellate counsel's failure to brief an issue on appeal cannot

16

establish cause.  The *Martinez* exception does not extend to PCR appellate counsel.  *See e.g., Crowe v. Cartledge*, C/A No. 9:13–cv–2391–DCN, 2014 WL 2990493 at *6 (D.S.C. July 2, 2014) ("[I]neffective assistance of PCR appellate counsel is not cause for a default."); *Cross v. Stevenson*, Civil Action No. 1:11–cv–02874–RBH, 2013 WL 1207067 at *3 (D.S.C. Mar. 25, 2013) ("*Martinez*, however, does not hold that the ineffective assistance of counsel in a PCR appeal establishes cause for a procedural default.").  The Supreme Court expressly noted that its holding in *Martinez* "does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts."  *Martinez*, 132 S.Ct. at 1320.  Therefore, Petitioner has not demonstrated cause for not raising Ground Three in his petition for writ of certiorari.  Accordingly, the undersigned recommends Respondent's motion for summary judgment be granted as to Grounds Two and Three and the underlying  claims in Grounds Four and Five because they are procedurally barred from federal habeas review.[7]

**Merits of Remaining Ground**

In Ground One, Petitioner argues trial counsel was ineffective for allowing Petitioner to plead guilty to voluntary manslaughter when the facts supported an involuntary manslaughter charge.  More specifically, Petitioner claims trial counsel failed to develop a

---

[7]Although Plaintiff never refers to *Martinez* directly, liberally construing Plaintiff's filings, his claims of ineffective assistance of PCR counsel in Grounds Four and Five may be an attempt to rely on *Martinez* to establish cause for failing to raise the underlying ineffective assistance of trial counsel claims in these grounds.  However, as stated, these claims were not raised in the petition for writ of certiorari from the denial of Petitioner's PCR application; because the underlying ineffective assistance of trial counsel claims in Grounds Four and Five were not raised at the PCR appeal, Petitioner may not rely on *Martinez* to establish cause with respect to these grounds.

"line of defense" or bargain for a "plea to involuntary manslaughter."  Respondent moves for summary judgment, arguing this claim is without merit because Petitioner failed to show the PCR court made an unreasonable determination of the facts or unreasonably applied federal law in denying this claim.  The Court finds Petitioner's claim that trial counsel was ineffective is without merit.[8]

Under the AEDPA, a federal court may not grant habeas relief unless the underlying state court decision was contrary to or an unreasonable application of federal law, as determined by the United States Supreme Court, 28 U.S.C. § 2254(d)(1), or based on an unreasonable determination of the facts before the court, id. § 2254(d)(2).  The Supreme Court has held the "contrary to" and "unreasonable application of" clauses present two different avenues for relief.  *Williams*, 529 U.S. at 405 ("The Court of Appeals for the Fourth Circuit properly accorded both the 'contrary to' and 'unreasonable application' clauses independent meaning.").  The Court stated there are two instances when a state court decision will be contrary to Supreme Court precedent:

> A state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . . A

---

[8]Although this claim was not raised in exactly the same manner in Petitioner's PCR application, the PCR court noted that Petitioner testified he believed he should have been charged with involuntary manslaughter based on his version of the facts.  [App. 136.]  The PCR court primarily addressed Petitioner's argument that trial counsel failed to properly investigate the case before advising Petitioner to plead guilty to voluntary manslaughter.  [App. 132–40.]  In his PCR appeal and in his Petition in this Court, Petitioner asserts that trial counsel was ineffective for allowing Petitioner to plead guilty to voluntary manslaughter because the facts of the case fit involuntary manslaughter; included in this argument is Petitioner's assertion that trial counsel "failed to develop a line of defense."  Accordingly, the Court construes Ground One as being included in the claims addressed by the PCR court.

> state-court decision will also be contrary to this Court's clearly
> established precedent if the state court confronts a set of facts
> that are materially indistinguishable from a decision of this
> Court and nevertheless arrives at a result different from our
> precedent.

*Id.* at 405–06.  On the other hand, a state court decision is an unreasonable application of

Supreme Court precedent when the decision "correctly identifies the governing legal rule

but applies it unreasonably to the facts of a particular prisoner's case."  *Id.* at 407-08; *see*

*also Richter*, 131 S. Ct. at 786 ("Under § 2254(d), a habeas court must determine what

arguments or theories supported or, as here, could have supported, the state court's

decision; and then it must ask whether it is possible fairminded jurists could disagree that

those arguments or theories are inconsistent with the holding in a prior decision of this

Court. . . . It bears repeating that even a strong case for relief does not mean the state

court's contrary conclusion was unreasonable.").  Finally, a decision cannot be contrary to,

or an unreasonable application of, Supreme Court precedent unless applicable Supreme

Court precedent exists; without applicable Supreme Court precedent, there is no habeas

relief for petitioners.  *Virsnieks v. Smith*, 521 F.3d 707, 716 (7th Cir. 2008) (citing *Lockhart*

*v. Chandler*, 446 F.3d 721, 724 (7th Cir. 2006); *Simpson v. Battaglia*, 458 F.3d 585, 597

(7th Cir. 2006)); *see Bustos v. White*, 521 F.3d 321, 325 (4th Cir. 2008).

When evaluating a habeas petition based on a claim of ineffective assistance of

counsel, assuming the state court applied the correct legal standard—the Supreme Court's

holdings in *Strickland v. Washington*, 466 U.S. 668 (1984)—"[t]he pivotal question is

whether the state court's application of the *Strickland* standard was unreasonable.  This is

different from asking whether defense counsel's performance fell below *Strickland*'s

standard."[9]  *Richter*, 131 S.Ct. at 785.  "A state court must be granted a deference and

latitude that are not in operation when the case involves review under the *Strickland*

standard itself."  *Id.*; *see also  Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) (stating judicial

review of counsel's performance is "doubly deferential when it is conducted through the

---

[9]In *Strickland v. Washington*, the United States Supreme Court established that to challenge a conviction based on ineffective assistance of counsel, a prisoner must prove two elements: (1) his counsel was deficient in his representation and (2) he was prejudiced as a result.  466 U.S. 668, 687 (1984).  To satisfy the first prong, a prisoner must show that "counsel's representation fell below an objective standard of reasonableness."  *Id.* at 688. To satisfy the second prong, a prisoner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 692.  The Court cautioned that "[j]udicial scrutiny of counsel's performance must be highly deferential," and "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689.

In the specific context of a guilty plea, to satisfy the prejudice prong of *Strickland*, a prisoner must show that "there is a reasonable probability that, but for counsel's errors, [the prisoner] would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  The Supreme Court further explained,

> In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial.  For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea.  This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. . . . As we explained in *Strickland v. Washington*, *supra*, these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the "idiosyncrasies of the particular decisionmaker."  *Id.*, 466 U.S., at 695, 104 S.Ct., at 2068.

*Hill*, 474 U.S. at 59–60.

20

lens of federal habeas"). Even if a state court decision questionably constitutes an unreasonable application of federal law, the "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 131 S.Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, in such situations, the habeas court must determine whether it is possible for fairminded jurists to disagree that the arguments or theories supporting the state court's decision are inconsistent with Supreme Court precedent. *Id.*

Here, the PCR court addressed trial counsel's performance under the standards set forth in *Strickland* and *Hill v. Lockhart*, 474 U.S. 52 (1985). [App. 134.] The PCR court found,

> Based on the testimony presented at the hearing and a thorough review of the record, this Court finds Applicant has failed to carry his burden in proving counsel's ineffectiveness. Further, this Court finds counsel's testimony to be credible, while conversely finding Applicant's testimony not to be credible. Applicant has failed to prove how counsel's performance fell below an objective standard of reasonableness in his investigation into the case, his review of the discovery, his preparation/evaluation of potential defenses, or his discussions with Applicant about the plea offer extended. Counsel reviewed the facts and evidence from both the Richland and Lexington County charges at length with Applicant, fully advising him of the strengths and weaknesses of each potential, viable defense.
>
> With this information in mind, Applicant made the voluntary Petitioner made the voluntary and informed decision to enter a plea under the terms of an advantageous negotiated plea offer extended by the State. In addition to allowing Applicant the opportunity to plead to the lesser included Voluntary Manslaughter, the State's offer allowed Applicant to dispose of two sets of charges that otherwise could have exposed Applicant to life without parole under S.C. Code §

17-25-45.  Applicant clearly made a voluntary and intelligent decision to accept the benefit of the bargain by waiving jury trial and pleading guilty.  Applicant was fully informed that, by doing so, he was waiving his ability to raise any and all defenses he may have had to the charges at trial.  Knowing all of this, Applicant accepted the State's negotiated plea offer and waived counsel's ability to challenge the charges at trial. Therefore, this Court finds Applicant has failed to prove counsel's performance was deficient.

Further, this Court finds Applicant failed to prove counsel's alleged deficient performance resulted in prejudice to his case.  Applicant failed to convince this Court that, but for counsel's alleged deficiencies, he would not have accepted the beneficial, "global" plea offer, but rather would have proceeded to trial.  Additionally, Applicant failed to present any evidence at trial as to what information/evidence counsel *could* or *should* have uncovered if he did a more thorough investigation into Applicant's case.  Moorehead v. State, 329 S.C. 329, 496 S.E.2d 415 (1998) (Failure to conduct an independent investigation does not constitute ineffective assistance of counsel when allegation is supported only be mere speculation as to the result.).  Applicant did not produce a copy of the money order he alleged counsel should have brought out at trial, nor was any other testimony or tangible evidence to support that assertion.  Further, Applicant did not produce any documents that were in the Lexington County discovery file which he alleges he never saw.  Palacio v. State, 333 S.C. 506, 511 S.E.2d 62 (1999) ("Since the contents of these documents were never revealed at the PCR hearing, Defendant has failed to present any evidence of probative value demonstrating how the failure to obtain the unproduced statements or acquire other documents in a more timely fashion prejudiced the defense.").

Applicant additionally failed to produce the testimony of any witnesses whom he alleges counsel should have interviewed, including Tyron Toland.  Bannister v. State, 333 S.C. 298, 509 S.E.2d 807 (1998) ("This Court has repeatedly held a PCR Applicant must produce the testimony of a witness or otherwise offer the testimony in accordance with the rules of evidence at the PCR hearing in order to establish prejudice from the witness's failure to testify at trial.").  For all of these reasons, this Court finds Applicant has failed to carry his burden in proving counsel was ineffective in his representation.

[App. 137–39.]

The PCR court's denial of Petitioner's ineffective assistance claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent. First, the PCR court applied the *Strickland* and *Hill* standards, which are the applicable Supreme Court precedents. Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent. Thus, the Court concludes the PCR court's decision was not contrary to or an unreasonable application of applicable Supreme Court precedent.

Further, the record supports the PCR court's decision, which demonstrates the PCR court's decision was not an unreasonable application of *Strickland* or *Hill*. Petitioner was indicted for murder. [App. 141.] At the PCR hearing, trial counsel testified Petitioner was facing life without the possibility of parole because of the murder and ABWIK charges, which are both "most serious offenses." [App. 120, 125–26.] *See* S.C. Code Ann. § 17-25-45 (2014). He testified that by accepting the State's global plea offer to plead guilty to voluntary manslaughter and the other charges, Petitioner probably saved his life. [App. 120.] He stated, "I mean he was facing a life sentence on murder and anything short of murder down to voluntary manslaughter was going to save his life and that's what I was trying to accomplish for [Petitioner]." [*Id.*] Trial counsel further testified he discussed with Petitioner his belief that based on the facts, Petitioner's chances of successfully defending the charges were "very slim to none." [App. 119.]

Petitioner is not entitled to plead to any particular offense, and, at best, trial counsel can only negotiate with the solicitor for a favorable plea offer. Therefore, trial counsel could

23

not have been deficient for not securing a more favorable plea offer, and Petitioner provided no evidence that further investigation by trial counsel would have yielded exculpatory or mitigating evidence. *See Beaver v. Thompson*, 93 F.3d 1186, 1195 (4th Cir. 1996) ("[A]n allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced."); *Bassette v. Thompson*, 915 F.2d 932, 941 (4th Cir. 1990) (finding appellant could not establish that counsel was ineffective for failing to call certain witnesses without advising the court of what an adequate investigation would have revealed or what testimony the witnesses might have provided).  If at the time of Petitioner's plea proceeding he felt that he was not guilty of voluntary manslaughter, he had the opportunity to exercise his right to a trial, which he declined after an extensive plea colloquy during which the plea judge warned Petitioner of the rights he was waiving by pleading guilty. [App. 6–21.] Petitioner received and accepted a favorable plea offer as a result of trial counsel's plea negotiations with the solicitor, which resulted in an aggregate sentence of twenty-seven years imprisonment.  [App. 119–26.] Petitioner's sentence was substantially lower than the potential sentence from his original charges—life without the possibility of parole.  Therefore, Petitioner has not established that the PCR court's decision was contrary to or an unreasonable application of applicable Supreme Court precedent, and Petitioner is not entitled to habeas corpus relief on this ground. Accordingly, Respondent's motion for summary judgment should be granted with respect to this ground.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

November 30, 2015
Greenville, South Carolina