# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Melcelus Toland a/k/a Melcelous Toland, )<br>　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　Petitioner, 　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>　　v.　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>Joseph McFadden,　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　Respondent.　　　　)<br>_____) | C.A. No.: 8:15-cv-1311-PMD-JDA<br><br>**ORDER** |

This matter is before the Court on United States Magistrate Judge Jacquelyn D. Austin's report and recommendation ("R & R") (ECF No. 33) that the Court grant Respondent's motion for summary judgment (ECF No. 26) and dismiss the case. Petitioner has asked the Court to dismiss his case without prejudice (ECF No. 39). The Court denies Petitioner's motion, adopts the R & R, grants Respondent's motion, and dismisses the case with prejudice.

## PROCEDURAL HISTORY

Petitioner, a South Carolina state prisoner, seeks relief from his convictions under 28 U.S.C. § 2254. Acting *pro se*, he asserts five grounds for relief.

Respondent moved for summary judgment on all five grounds. Petitioner filed a response in opposition, to which Respondent filed a reply. Magistrate Judge Austin then issued her R & R, finding that four of Petitioner's grounds are procedurally barred and that the remaining one fails on the merits.

After being notified of his right to object to the R & R, Petitioner requested, and received, an extension of his deadline to file objections. However, instead of filing objections, Petitioner filed a "response" to the R & R in which he asked the Court to dismiss his case without prejudice. Respondent opposes Petitioner's request.

### I.     Petitioner's Motion to Dismiss Without Prejudice

Petitioner asks that his case be dismissed without prejudice because the issues are complex and he has no attorney. The Court construes the request as a motion for an order of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2). *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (requiring district courts to construe *pro se* filings liberally); *see also Jessup v. Daniels*, No. 1:13CV607, 2014 WL 1431728, at *3 (M.D.N.C. Apr. 14, 2014) (stating that Rule 41(a) applies in § 2254 cases); Fed. R. Civ. P. 41(a) (providing that a plaintiff may dismiss his case without a court order only in limited circumstances that are not present here).

"The Fourth Circuit has specifically held that a motion to voluntarily dismiss under Rule 41(a)(2) should be denied when a plaintiff seeks to circumvent an expected adverse result, and that 'denial of voluntary dismissal is appropriate where summary judgment is imminent.'" *Nesari v. Taylor*, 806 F. Supp. 2d 848, 861 (E.D. Va. 2011) (quoting *Skinner v. First Am. Bank of Va.*, 64 F.3d 659, 1995 WL 507264, at *2 (4th Cir. 1995) (table)); *accord Payne v. Kelley*, No. 1:09CV719, 2012 WL 1267656, at *1 (M.D.N.C. Apr. 16, 2012). Having ably represented himself in this case for nearly a year, Petitioner's insistence that the case is now too complex for him appears to be an attempt to avoid a now-imminent adverse summary judgment ruling. Moreover, the Court finds it inappropriate to grant a dismissal request made only after the Court and Respondent invested substantial time and effort in this case. *See, e.g.*, *Miller v. Terramite Corp.*, 114 F. App'x 536, 540 (4th Cir. 2004) (affirming denial of voluntary dismissal request made after "district court had invested a great deal of time preparing a dispositive order"); *Baca v. Rider*, No. CV-08-8030-PHX-GMS (MEA), 2008 WL 4905494, at *2 (D. Ariz. 2008) (denying voluntary dismissal where "Petitioner ha[d] filed his motion to withdraw [§ 2254 Petition] only days before the Magistrate issued the R & R . . . [and] after Respondents expended

significant time and effort in preparing their answer and response to the Petition"). Seeing no factors that would justify an order of dismissal without prejudice, *see Hobbs v. Kroger Co.*, 175 F.3d 1014, 1999 WL 156045, at *1 (4th Cir. 1999) (table), it would be not be "proper" to issue one, *see* Fed. R. Civ. P. 41(a)(2). Therefore, the Court will deny Petitioner's motion and proceed to review the R & R.

## II. Review of the R & R

The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and the Court may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

In this case, the Magistrate Judge has recommended that summary judgment be granted for Respondent. To grant a motion for summary judgment, the Court must find "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for

the non-moving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991).

In applying these standards, the Court is mindful that *pro se* filings are held to a less stringent standard than those drafted by attorneys, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and that federal district courts are charged with liberally construing *pro se* filings to allow the development of a potentially meritorious case, *see Hughes*, 449 U.S. at 9.

As noted above, Petitioner knew he could file objections to the R & R but decided instead to seek dismissal. There being no objections to consider, the Court has reviewed the record for any clear errors in the R & R. Finding no substantive errors, the Court adopts the R & R.[1]

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Petitioner's motion to dismiss is **DENIED**. IT IS FURTHER ORDERED that Respondent's motion for summary judgment is **GRANTED** and, consequently, Petitioner's § 2254 application is **DISMISSED** with prejudice.[2]

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**February 8, 2016**
**Charleston, South Carolina**

---

1. The Court does not adopt the words "Petitioner made the voluntary" on page 21 of the R & R.

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. Petitioner has not made a substantial showing of a denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); *Slack v. McDaniel*, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).